IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00171-WYD-KLM

CHARLES BUNNER,

    Plaintiff,

v.

MR. BRIAN KOCH, FCF Mental Health,
AL ESTEP, Warden,
SGT. PAGEL,
MR. BRIDGES, Case Manager,
LT. BOOKMEIR,
CAPT. FILER,
MS. WALKER, and
JOHN DOES UNKNOWN OTHERS,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Extend Deadline** [Docket No. 43; Filed October 24, 2008] ("Motion # 43") and **Motion to Identify John Does** [Docket No. 44] ("Motion No. 44"). Plaintiff, who is proceeding *pro se*, requests that the Court extend the October 24, 2008 deadline for him to file a supplemental response to Defendants' Motion to Dismiss [Docket No. 23]. Plaintiff also requests that the Court order Defendants to identify unknown parties.

    IT IS HEREBY **ORDERED** that Motion # 43 is **GRANTED**. Plaintiff shall file his supplemental response to Defendant's Motion to Dismiss on or before **November 14, 2008**. Although the Court extends Plaintiff's deadline to file a supplemental response to the pending Motion to Dismiss, the Court informs Plaintiff that its review of the pending Motion

to Dismiss is limited to the allegations and information contained in or attached to Plaintiff's complaint. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). To the extent that Plaintiff intends to attach documentation to his supplemental response which goes beyond the information contained in or attached to Plaintiff's complaint, the Court is unlikely to consider it.

IT IS HEREBY **ORDERED** that Motion # 44 is **DENIED**. Plaintiff is, in essence, seeking discovery from Defendants. It is not within the Court's authority to aid Plaintiff in this process unless Plaintiff has first properly sought this information from Defendants pursuant to Fed. R. Civ. P. 33 or 34. To the extent that Plaintiff seeks information or documents from Defendants, he must propound discovery requests in accordance with Rules 33 or 34 and in compliance with my prior Order setting case deadlines and discovery limitations [Docket No. 39].

The Court notes that Plaintiff has not provided the Court with a current address where he can be located as required by D.C. Colo. L. Civ. R. 10.1(M). As such, the Court also notes that the Order of September 24, 2008 [Docket No. 39] has been returned as undeliverable [Docket No. 40]. In his most recent filings, Plaintiff has informed the Court that he is now located at the Miami Correctional Facility. The Court located a facility in Indiana by that name. An individual at the facility informed the Court that Plaintiff is presently incarcerated there and that his current mailing address is:

   Charles Bunner #860882
   Miami Correctional Facility, J445
   P.O. Box 900
   Bunker Hill, IN 46914.

IT IS FURTHER **ORDERED** that the Clerk shall update Plaintiff's address in the electronic case filing system with the address listed above and shall mail a second copy of Docket Nos. 39 & 42, along with this Minute Order, to Plaintiff at that address.

IT IS FURTHER **ORDERED** that Plaintiff shall file a "Notice of Change of Address" within ten (10) days of any change of address. It is not the Court's responsibility to locate Plaintiff and resend pleadings applicable to this case. Failure to keep the Court informed of Plaintiff's address in the future may result in sanctions, including the possible dismissal of Plaintiff's case.

Dated: October 27, 2008