IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00171-WYD-KLM

CHARLES BUNNER, #135447,

    Plaintiff,

v.

MR. BRIAN KOCH, FCF Mental Health;
AL ESTEP, Warden;
SGT. PAGEL;
MR. BRIDGES, Case Manager;
LT. BOOKMEIR;
CAPT. FILER;
MS. WALKER;
JOHN DOES UNKNOWN OTHERS,

    Defendants.

## ORDER OF DISMISSAL

THIS MATTER is before the Court in connection with *pro se* Plaintiff Charles Bunner's Motion to Dismiss Without Prejudice, filed February 9, 2009 [#54]. I must construe the Motion to Dismiss liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . .." Moreover, the effect of the dismissal is without prejudice. Rule 41(a)(1)(B). Here, the only Defendant to file answer in this case is Defendant Koch, who filed an Answer

and Jury Demand on December 9, 2008 [#52]. The remaining Defendants, excluding Defendant Koch, filed a Motion to Dismiss on June 20, 2008 [#23]. The Motion to Dismiss was referred to Magistrate Judge Mix, who issued a Recommendation on January 30, 2009, that this case be dismissed in its entirety.

A voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 2363; *Hyde Const. Co. v. Koehring Co.*, 388 F.2d 501 at 507 (10th Cir. 1968). Despite the fact that Magistrate Judge Mix issued a Recommendation on Defendants' Motion to Dismiss, the plain language of the Rule makes clear that the filing of a Motion to Dismiss under Rule 12 does not terminate Plaintiff's right of dismissal by notice. *See* Wright & Miller, *supra*. I will construe the February 9, 2009 [#54] Motion to Dismiss Without Prejudice as filed pursuant to Rule 41(a)(1)(A)(i) and, therefore, the action must be **DISMISSED WITHOUT PREJUDICE** with respect to Defendants Pagel, Estep, Bridges, Bookmeir, Filer, and Walker, effective February 9, 2009.

As noted above, Defendant Koch, filed an Answer and Jury Demand on December 9, 2008 [#52], therefore, the action as to Defendant Koch may be dismissed at Plaintiff's request only "by court order, on terms that the court considers proper." Rule 41(a)(2). Dismissal under Rule 41(a)(2) is not a matter of right, but discretionary regarding whether dismissal shall be allowed and regarding the terms and conditions to be imposed if allowed. Wright & Miller, *supra*, at § 2364. However, absent "legal prejudice" to the Defendant, the district court normally should grant such a dismissal.

*Ohlander v. Larson*, 114 F.3d 1531 at 1537 (10th Cir. 1997). In determining what constitutes "legal prejudice" the district court should consider: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation. *Ohlander*, 114 F.3d at 1537 (citing *Phillips U.S.A., Inc. v. Allflex U.S.A., Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)). I would note that Defendant Koch was served with the Complaint in this matter on December 3, 2008, and filed his answer December 9, 2008. On February 11, 2009, two days after Plaintiff filed his Motion to Dismiss Without Prejudice, Defendant Koch filed a brief Motion to Join the State Defendants' Motion to Dismiss the Complaint. Therefore, it appears that Defendant Koch has not expended significant effort and expense at this stage of the litigation. In addition, as to Defendant Koch, I cannot say that Plaintiff excessively delayed in seeking dismissal of this action. In his Motion for Dismissal Without Prejudice, Plaintiff states that he is "unable to properly pursue this matter at this time," and states his intention to refile this action on July 1, 2009, when everything will be "better organized and filed properly." On balance, I cannot say the Defendant Koch will suffer clear legal prejudice if this action is dismissed without prejudice. However, if Plaintiff does refile this action including the same claims against the same Defendants, the Court may order him to pay all or part of the costs associated with this action and may stay the proceedings until he has complied per Rule 41(d).

In conclusion, it is hereby

ORDERED that Plaintiff's Motion to Dismiss Without Prejudice, filed February 9,

2009 [#54] is **GRANTED** as set forth herein. It is

FURTHER ORDERED that this action is **DISMISSED WITHOUT PREJUDICE** with respect to Defendants Pagel, Estep, Bridges, Bookmeir, Filer, and Walker, effective February 9, 2009. It is

FURTHER ORDERED that this action is **DISMISSED WITHOUT PREJUDICE** as to Defendant Koch, effective as of the date of this order.

Dated: March 24, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge